DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: Samuel L. Raymond
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA,

   Plaintiff,

  - v —

$1,899,719.65 in United States currency,
formerly on deposit at JP Morgan Chase
in account 291688379;

$91,398.28 in United States currency,
formerly on deposit at JP Morgan Chase
in account 931919133;

$343,919.01 in United States currency,
formerly on deposit at JP Morgan Chase
in account 931920586; and

$23,528.54 in United States currency,
formerly on deposit at JP Morgan Chase
in account 366201 1288,

   Defendants *in rem*.

------------------------------------------------------------------ X

VERIFIED COMPLAINT

23 Civ.

Plaintiff United States of America, by its attorney, DAMIAN WILLIAMS, United States Attorney for the Southern District of New York, for its Verified Complaint alleges, upon information and belief, as follows:

I. Jurisdiction and Venue

1.  This is a civil action *in rem* commenced by the United States of America seeking forfeiture of the following funds:

- $1,899,719.65 in United States currency, formerly on deposit at JP Morgan Chase in account 291688379;

- $91,398.28 in United States currency, formerly on deposit at JP Morgan Chase in account 931919133;

- $343,919.01 in United States currency, formerly on deposit at JP Morgan Chase in account 931920586; and

- $23,528.54 in United States currency, formerly on deposit at JP Morgan Chase in account 3662011288,

totaling $2,358,565.48 (collectively, the "Defendant Funds"). The Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 2314 and 1343 and pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957, and any property traceable to such property.

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.  Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place within the Southern District of New York.

4.  The Defendant Funds are presently in the custody of the United States Marshals Service, in the Southern District of New York.

## II.   Probable Cause for Forfeiture

5. The Defendant Funds represent proceeds obtained as a result of a theft and conversion carried out against a victim located in Texas (the "Victim") in which the Victim was induced to invest over $4 million in JMC Industries LLC ("JMCI") on false pretenses. The Victim was never paid any money on the investments; instead, records show that the individuals and associates who defrauded her quickly transferred her money to others to conceal their criminal conduct. The Defendant Funds were seized by the Government pursuant to a seizure warrant in 2021.

6. In or about 2016, the Victim was introduced to a person ("Person-1"), who represented himself to be an experienced financial professional. Over the course of the next few years, Person-1 convinced the Victim that Person-1 could invest the Victim's money successfully, based on Person-1's background in finance.

7. In late 2017 to early 2018, the Victim learned of an investment opportunity through JMCI that was purportedly organized and controlled by another person ("Person-2"). This investment required $6,000,000 and supposedly had a guaranteed return of $24,500,000 (the "JMCI Investment"). The Victim asked Person-1 to review the JMCI Investment opportunity. Person-1 told the Victim that the JMCI Investment opportunity was a good investment, and convinced the Victim to hire Person-1 to manage the investment.

8. In about June 2018, the Victim agreed to invest $1.5 million for a portion of the JMCI Investment. Person-1 told the Victim that Person-1 had spoken with Person-2, the purported owner of JMCI, and directed the Victim to transfer the money to an account at TD Ameritrade, ending in 6053 ("Account-1"). This account was in the name of JMCI.

9. Over the next few months, the Victim raised another $4,500,000 for the remainder of the JMCI Investment. Person-1 directed the Victim to wire $3,600,000 to an account held at BB&T, ending in 4305 ("Account-2"). This wire transfer occurred on or about October 31, 2018.

10. The same day, right after the Victim wired $3,600,000 to Account-2, Account-2 wired $1,900,000 to an account at JP Morgan Chase, account number 291688379 ("Account-3").

11. That same day, Account-2 also wired $500,000.00 to an account at JP Morgan Chase, account number 931919133 ("Account-4").

12. Several days later, on November 2, 2018, Account-4 further wired $350,000 to an account at JP Morgan Chase, account number 931920586 ("Account-5").

13. On November 2, 2018, Account-4 also wired $25,000 to another JP Morgan account, ending in 2139 ("Account-6"); right afterwards, $23,500 was wired from Account-6 to an account at JP Morgan Chase, account number 366201 1288 ("Account-7").

14. Separate from these transfers, on or about November 19, 2018, Account-2 reversed $900,000 of the Victim's $3,600,000 transfer. On November 20, 2018, at the direction of Person-1, the Victim sent the reverted $900,000 to an account at Merrill Lynch in the name of JMCI. Money was withdrawn from this Merrill Lynch account over a period from November 2018 to August 2019 to other accounts at other financial institutions. None of this money was used to invest in the JMCI Investment described to the Victim, or was used to repay the Victim.

15. At various times in or about the second half of 2018 through early 2019, Person-1 represented to the Victim that her money was placed and invested appropriately. In fact, however, this money was not invested in the JMCI Investment, and the Victim was never otherwise paid back any money by Person-1.

16. In or about March of 2019, Person-1 told the Victim that Person-2 stole approximately $35,000,000 from a Bank of America account. Person-1 claimed both his and the Victim's monies for the JMCI Investment were in this Bank of America account. On information and belief, none of the Victim's money for the JMCI Investment was ever contained in any Bank of America Account.

17. There is no indication that any of the money purportedly invested by the Victim was ever actually used to invest in the JMCI Investment opportunity. Instead the Victim was tricked into paying millions of dollars as part of a fictitious investment that was never intended to be invested or repaid. The perpetrators of the fraud made a series of quick transfers of the Victim's money amongst a number of different bank accounts for the purpose of concealing the source and nature of the money and their involvement in this investment scheme. This series of quick transfers included transfers between and through states, including New York State, and in particular, a bank headquartered in the Southern District of New York. Such activity, *i.e.* this series of quick transfers among multiple accounts, is consistent with "layering," which is the practice by which funds are moved through a series of entities and/or accounts in a manner designed to conceal the nature, source, origin, or destination of the funds.

18. On July 9, 2021, the Honorable James L. Cott authorized a seizure warrant for the Defendant Funds, *i.e.*, the funds contained in Account-3, Account-4, Account-5, and Account-7. On or about July 27, 2021, JP Morgan Chase sent a check to the U.S. Marshals Services for $1,899,719.65, representing the funds in Account-3; $91,398.28, representing the funds in Account-4; $343,919.01, representing the funds in Account-5; and $23,528.54, representing the funds in Account-7. In total, the Government seized $2,358,565.48. These checks were deposited,

and the funds are currently in the Southern District of New York, in the possession of the Marshals Service.

IV.  **Claims for Forfeiture**

### FIRST CLAIM FOR FORFEITURE

19. The United States incorporates by reference ¶¶ 1 through 18 above as if fully set forth herein.

20. The Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code Section 981(a)(1)(C).

21. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

22. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) to include any offense under 18 U.S.C. § 1961(1). Section 1961(1) lists transportation of stolen goods (18 U.S.C. § 2314) and wire fraud (18 U.S.C. § 1343) as offenses.

23. By reason of the above, the Defendant Funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to violations of Wire Fraud, 18 U.S.C. § 1343; and proceeds traceable to the Interstate Transfer of Stolen Property, 18 U.S.C. § 2314.

### SECOND CLAIM FOR FORFEITURE

24. The United States incorporates by reference ¶¶ 1 through 18 above as if fully set forth herein.

25. The Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code Section 981(a)(1)(A).

26. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

27. By reason of the above, the Defendant Funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), in that the Defendant Funds were received via transfer among different bank accounts in a manner consistent with concealing their origin as the proceeds of wire fraud and interstate transfer of stolen property.

28. In addition, by reason of the above, the Defendant Funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as property involved in a violation of 18 U.S.C. § 1957, engaging in monetary transactions in criminally derived property, in that the Defendant Funds comprise transfers of proceeds of wire fraud and interstate transfer of stolen property, exceeding $10,000, namely a transfer of criminally-derived proceeds exceeding $10,000 on or about October 31, 2018 to Account-3; a transfer of criminally-derived proceeds exceeding $10,000 on or about October 31, 2018 to Account-4; a transfer of criminally-derived proceeds exceeding $10,000 on or about November 2, 2018 to Account-5; and a transfer of criminally-derived proceeds exceeding $10,000 on or about November 2, 2018 to Account-7.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be cited to appear and show cause why the forfeiture of the Defendant Funds should not be decreed, and that this Court decree forfeiture of the Defendant Funds to the United States of America for disposition according to law, and that this Court grant the United States of America such further

relief as this Court may deem just and proper.

Dated:   New York, New York
         April 10, 2023

                        DAMIAN WILLIAMS
                        United States Attorney for
                        Plaintiff United States of America

By:   *Samuel L. Raymond*
      Samuel L. Raymond
      Assistant United States Attorney
      (212) 637-6519

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

KEITH McLAUGHLIN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI") and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds for his belief are conversations with other law enforcement officers and others, official records and files of the FBI and the United States Government, and information obtained directly or indirectly by deponent during an investigation of alleged violations of Title 18 of the United States Code.

_____
Keith McLaughlin
Special Agent
Federal Bureau of Investigation

Sworn to before me this 4
day of April, 2023

_____
NOTARY PUBLIC

JENNIFER L YAM DEBENEDETTO
Notary Public - State of New York
NO. 01YA6301524
Qualified in Queens County
My Commission Expires Apr 14, 2026

9